SUMMARY ORDER
Respondents Howard Gimbel and Marvin Davis appeal a permanent injunction, dated July 20, 2007, precluding them from pursuing any claim — including claims brought in a previously-filed arbitration— relating to the WorldCom, Inc. (“World-Com”) class action settlement and, more specifically, the September 21, 2005 judgment releasing UBS Warburg LLC and its present and former affiliates and subsidiaries, including the brokerage firm PaineWebber, from “all claims arising out of or relating to investments ... in securities issued by WorldCom.... ” In re World-Com, Inc. Sec. Litig. (“Gimbel I ”), No. 02 Civ. 3288, 2007 WL 1946685, at *3, 2007 U.S. Dist. LEXIS 48155, at *8 (S.D.N.Y. July 5, 2007). UBS Warburg LLC is a sister company of UBS Financial Services, Inc., the successor company to the PaineWebber firm, which served as respondents’ broker and financial advisor. We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the entry of a permanent injunction under an “abuse of discretion” standard. Roach v. Morse, 440 F.3d 53, 56 (2d Cir.2006); cf. Sims v. Blot, 534 F.3d 117, 132 (2d Cir.2008) (“A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions.” (internal citations and quotation marks omitted)).
Upon review of the record, we find no basis to disturb the permanent injunction as explained by the District Court in its July 5, 2007 Opinion and Order, see Gimbel I, 2007 WL 1946685, at *4-9, 2007 U.S. Dist. LEXIS 48155, at *13-25 (memorializing the reasons for orally granting a motion for a permanent injunction at a June 22, 2007 conference), and its October 16, *471 2007 Opinion and Order, see In re World-Com, Inc. Sec. Litig. (“Gimbel II”), No. 02 Civ. 3288, 2007 WL 2994395, at *2-3, 2007 U.S. Dist. LEXIS 76272, at *6-9 (S.D.N.Y. Oct. 16, 2007) (denying respondents’ motion for reconsideration). As the District Court found, respondents were members of the class covered by the WorldCom settlement finalized in a September 21, 2005 Judgment. The “factual predicate[s]” of respondents’ claims, raiséd in an arbitration against petitioner, are substantially similar to the claims resolved in the WorldCom class action settlement. Gimbel I, 2007 WL 1946685, at *6, 2007 U.S. Dist. LEXIS 48155, at *17-18. Respondents claim, essentially, that they received bad investment advice from PaineWebber concerning WorldCom securities, and they seek damages arising from their investment losses. Id. at *6-7, 2007 U.S. Dist. LEXIS 48155, at *19. PaineWebber’s investment advice and the performance of respondents’ WorldCom holdings were based on WorldCom’s publicly disclosed financial information. Gimbel II, 2007 WL 2994395, at *2, 2007 U.S. Dist. LEXIS 76272, at *8 (“The prices of th[e] options [held by respondents] moved in relation to the prices of the underlying stock, which in turn responded to the public disclosures that were at the heart of the WorldCom class action.”). Similarly, the WorldCom class action “proceeded on the theory that WorldCom, its officers, directors, auditor and underwriters misled the market and failed to disclose information which would have profoundly altered the perception of WorldCom as a suitable investment.” Gimbel I, 2007 WL 1946685, at *6, 2007 U.S. Dist. LEXIS 48155, at *19. Respondents’ attempt to distinguish their claims as based on a “naked put trading ‘strategy’ ... on WorldCom stock, or any other ... [s]tocks ” (Appellant’s Br., 31 (emphasis added)) is unconvincing because they have not articulated how PaineWebber’s investment advice can be severed from the available financial information on the underlying WorldCom securities that PaineWebber advised respondents to acquire.
Having determined that respondents’ claims are substantially similar to the claims brought in the WorldCom class action, we reject respondents’ argument that the release in the WorldCom judgment does not cover their claims. The judgment approving the class action settlement defines “Released Underwriter Claims” with respect to UBS and the other Settling Underwrites as:
the release by Lead Plaintiff, the Named Plaintiffs and all members of the Class including but not limited to members of the May 2000 and May 2001 Subclasses (the “Releasors”) of all claims of every nature and description, known and unknown, asserted by or that could have been asserted by Plaintiffs in the Complaint, including, but not limited to, all claims arising out of or relating to investments (including, but not limited to, purchases, sales, exercises, and decisions to hold) in securities issues by World-Com, as well as options or derivatives based on the value of securities issued by WorldCom, or arising out of or relating to any disclosures, registration statements or other statements by World-Com, including without limitation claims asserted by or that could have been asserted by Plaintiffs in the Complaint based on or related to the Securities Act of 1933, the Securities Exchange Act of 1934, or any federal, state or foreign statute or common law, or in equity, including without limitation any claims based on allegedly intentional, reckless, or negligent conduct, whether arising under state, federal or foreign statute or common law, or in equity, as claims, cross-claims, counterclaims, or third-party claims, whether asserted in the Complaint, in this Court, in any federal *472 or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere against the Settling Underwriter Releasees, as defined below in paragraph 7(a).
(September 21, 2005 Judgment 1Í 6(a).) Respondents argue that, by its plain meaning, the release covers only claims that were actually brought or could have been brought by the Plaintiffs on behalf of the class. It is conceded that respondents’ claims, although arguably similar, could not have been brought by the lead and named plaintiffs in the class action. Accordingly, respondents conclude that their claims are not covered by the release.
We disagree. On its face, the release is sufficiently ambiguous to permit a broader reading, such that the release applies to “all claims arising out of or relating to investments ... in securities issued by WorldCom,” not just claims that were brought, or that could have been brought, in the class action complaint. Gimbel I, 2007 WL 1946685, at *3, 2007 U.S. Dist. LEXIS 48155, at *8. In this case, a broader reading is preferable in light of the animating purpose of this well-known, $3.5 billion settlement. See id. at *2-3, 2007 U.S. Dist. LEXIS 48155, at *6. All class members, including Gimbel and Davis, were on notice that “all claims ... asserted by or that could have been asserted by Plaintiffs or any member of the Class in the Action against the Settling Defendant Releasees” were contemplated in the WorldCom class settlement. (July 1, 2005 Notice, II20.) In addition, the first paragraph of the September 21, 2005 Judgment indicates that the purpose of the class action settlement is resolution of “all claims asserted by the Class Members against the Settling Underwriter Defendants.” (September 21, 2005 Judgment HI.) In light of the facial ambiguity of the release itself, and the general purpose of the class action settlement, as indicated in the July 1, 2005 Notice and September 21, 2005 Judgment, we cannot agree that the release excludes the claims brought by Gimbel and Davis.[3]
We have considered plaintiffs remaining arguments, including their claim that the class notice was deficient, and find them to be without merit. We therefore AFFIRM the judgment of the District Court

. We find the following explanation of the District Court's decision particularly persuasive:
If the Claimants wished to bring their own separate claims against their broker for losses in their WorldCom trading, they could have opted out of the class action. If the Claimants wish today to bring a claim against their broker for unsuitable investment advice concerning investments other than WorldCom, they may do so. What they may not do is remain in the class action and try to pursue their own separate litigation over investment losses in the same securities. And of course, Davis has literally tried to have it both ways, putting in claims for recovery from the class action settlements and also filing his arbitration Claim.
Gimbel I, No. 02 Civ. 3288, 2007 WL 1946685, at *8-9, 2007 U.S. Dist. LEXIS 48155, at *23-24 (S.D.N.Y. July 5, 2007).